# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DEBRA K. SMITH, Individually and as Executrix of the Estate of Carl D. Smith, Deceased, | : : : : : : : : : : : : : | Case No. 3:19-cv-00129 |
| Plaintiff, | | Judge Thomas M. Rose |
| v. | | |
| METROPOLITAN LIFE INSURANCE COMPANY, | | |
| Defendant. | | |

## ENTRY AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD (DOC. 9) AND TERMINATING THIS CASE

Pending before the Court is Defendant's Motion for Judgment on the Administrative Record (Doc. 9) (the "Motion"), filed by Defendant Metropolitan Life Insurance Company ("MetLife"). Plaintiff Debra K. Smith ("Plaintiff") failed to file a response to the Motion, and the time to do so has now passed. (*See* Doc. 7 (setting February 10, 2020 as the deadline to file a response); *see also* S.D. Ohio Local Rule 7.2(a) (establishing default briefing schedule for motions filed in this Court).) Thus, the Motion is ripe for review.

At issue in this case is Plaintiff's claim for life insurance benefits under the General Motors Life & Disability Benefits Program (the "Plan"). MetLife moves for judgment on the administrative record to uphold its denial of Plaintiff's claim. For the reasons discussed below, the Court **GRANTS** the Motion and terminates this case.

1

I.   **FACTUAL BACKGROUND**

This is a case that arises under, and is governed by, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 - 1461.[1]  (*See* Doc. 1.)  Carl D. Smith (the "Decedent"), a GM retiree, was covered under the Plan for $61,000 in "basic" life insurance benefits and $30,000 in "optional" life insurance benefits, for total "Plan Benefits" of $91,000. (Doc. 8 (Administrative Record) at PAGEID # 164.)  He died on June 12, 2016.  (*Id.* at PAGEID # 67.)

Plan documents require that the Plan Benefits be paid to the Decedent's named beneficiary. (Doc. 8 at PAGEID # 220, 272, 274.)  The Decedent named his then-wife, Gail Smith, the beneficiary of his basic life insurance benefits and, separately, his optional life insurance benefits. (*Id.* at PAGEID # 34, 37, 39.)

Plaintiff (not Gail Smith) was the Decedent's surviving spouse at the time of his death. (Doc. 8 at PAGEID # 67.)  However, as indicated above, Plaintiff was <u>not</u> named by the Decedent as the beneficiary under the Plan.  Nevertheless, after Decedent's death, Plaintiff submitted a claim to MetLife, the Plan's insurer and claim administrator, for the Plan Benefits.  (*Id.* at PAGEID # 56.)  Plaintiff submitted the claim by way of a letter, dated July 19, 2016, from her attorney to MetLife.  (*Id.*)  The letter advised MetLife that Decedent had divorced Gail Smith in 1996 and that the Decedent's spousal support obligation ended on April 28, 1998.  (*Id.*) Plaintiff's attorney wrote:  "Thus, as of 1998 there was no reason for Mr. Smith to continue Gail Smith as his beneficiary."  (*Id.*)  He also wrote that Plaintiff "is in possession of documents reflecting an <u>attempt</u> by Carl Smith [to] modify his insurance benefits to provide health insurance

---

[1]  It is undisputed that the policy at issue is an employer-sponsored employee welfare benefit plan.

and to list Debra Smith as his beneficiary of the life insurance policy issued through your company and continued through his retirement." (*Id.* (emphasis added).) However, no such documents are included in the administrative record.

By letter dated July 29, 2016, MetLife denied Plaintiff's claim to life insurance benefits. (Doc. 8 at PAGEID # 100-01.) Plaintiff did not submit an appeal. On March 28, 2019, nearly three years after her claim was denied by MetLife, Plaintiff filed a "Complaint for Declaritory [sic] Judgement [sic] and to Enforce Contract." (*See* Doc. 3.) In the Complaint, Plaintiff alleges that the Decedent was released to make any beneficiary he desired on his life insurance policy issued by MetLife, that Decedent had provided notification through the General Motors National Benefits Center that he wished to make Plaintiff a beneficiary of the Plan, and that Decedent was assured by the General Motors National Benefits Center that Plaintiff was a beneficiary of the Plan. (*Id.* at PAGEID # 18.) In the second of her two claims in the Complaint, Plaintiff alleges that, "[i]n the event the Court should determine the Decedent's attempts to name Debra K. Smith as his life insurance beneficiary were incomplete, the Plaintiff would allege the beneficiary of the life insurance policy should be the decedent's estate by operation of law due to the termination of the spousal support obligation." (*Id.*)

On April 29, 2019, MetLife removed the case to this Court. (Doc. 1.) On August 20, 2019, the parties submitted a Rule 26(f) Report of Parties. (Doc. 6.) On October 9, 2019, the Court entered a Preliminary Pretrial Scheduling Order, establishing deadlines of January 9, 2020 to file any motion for judgment on the administrative record and February 10, 2020 to file a response to any such motion. (Doc. 7.) MetLife filed the Motion on January 9, 2020 (Doc. 9), and, as indicated above, Plaintiff neither filed her own motion nor a response to the Motion. On

3

March 5, 2020, the Court issued an "Entry and Order to Show Cause," ordering Plaintiff to show cause "on or before March 26, 2020, why the Complaint in this action should not be dismissed for failure to prosecute." (Doc. 10.) Plaintiff failed to timely respond to the order to show cause. Instead, on March 27, 2020, Plaintiff filed a response that stated counsel for Plaintiff had previously received the notice for the pretrial conference, a copy of the administrative record of proceedings (and has no objection to the record), and a copy of the Motion. (Doc. 11.) In that tardy filing, Plaintiff's counsel also "seeks an extension of time to consult with Plaintiff relative to the Motion, in anticipation there may be a motion to dismiss the Complaint filed by Plaintiff," and states that "[c]ounsel has been unable to communicate with Plaintiff due to the current pandemic and Plaintiff's health status." (*Id.* at PAGEID # 415.) Within that response to the Court's show cause order, Plaintiff then moves—more than a month-and-a-half <u>after</u> Plaintiff's deadline to file a response to the Motion—"for an extension of time to respond to the [Motion] until April 30, 2020." (*Id.*)

## II. <u>STANDARD OF REVIEW</u>

"A challenge to the denial of ERISA benefits is ordinarily reviewed *de novo*."[2] *Zenadocchio v. BAE Sys. Unfunded Welfare Benefit Plan*, 936 F. Supp. 2d 868, 883 (S.D. Ohio 2013) (citing *Smith v. Bayer Corp. Long Term Disability Plan*, 275 F. App'x 495, 504 (6th Cir. 2008)). "When applying the *de novo* standard of review, this Court must determine whether the decision was a correct decision without according the decision-maker 'a presumption of correctness or deference.'" *Wintermute v. Guardian*, 524 F. Supp. 2d 954, 960 (S.D. Ohio 2007)

---

[2] A "party claiming entitlement to review under an arbitrary and capricious standard has the burden of proving that the arbitrary and capricious standard applies." *Zenadocchio*, 936 F. Supp. 2d at 883-84. Here, MetLife does not argue that an arbitrary and capricious standard applies. (*See* Doc. 9.)

(quoting *Perry v. Simplicity Eng'g*, 900 F.2d 963, 965 (6th Cir. 1995)). This review is typically limited to the administrative record.[3] *See Perry*, 900 F.2d at 966-67; *Wintermute*, 524 F. Supp. 2d at 960. The *de novo* standard of review applies to both factual determinations and legal determinations by a plan administrator. *Rowan v. Unum Life Ins. Co. of Am.*, 119 F.3d 433, 435 (6th Cir. 1997). "The Court's primary goal in this situation is to give effect to the intent of the parties as expressed by the language of the ERISA plan." *Wintermute*, 524 F. Supp. 2d at 960.

### III.  ANALYSIS

After a *de novo* review of the administrative record, the Court will grant the Motion and terminate this case. *See Franks v. Unum Life Ins. Co. of Am.*, No. 1:12-cv-166, 2013 U.S. Dist. LEXIS 15789, at *17-18 (W.D. Mich. Feb. 6, 2013) (despite failure of plaintiff to respond to plan administrator's motion for judgment on the administrative record, court conducted a *de novo* review of the administrative record and granted the motion). Plaintiff has not challenged any specific part of the record; in fact, as indicated above, Plaintiff stated that she has no objection to the record (*see* Doc. 11). *See id.* at *20. The Court will uphold the plan administrator's decision under *de novo* review. *Id.*

The Sixth Circuit Court of Appeals has, on a number of occasions, addressed the issues presented. *See, e.g., McMillan v. Parrott*, 913 F.2d 310 (6th Cir. 1990); *Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126 (6th Cir. 1996) (decedent designated his ex-wife "as beneficiary of the Plan while they were married and never altered that designation in the manner prescribed by

---

[3] The Sixth Circuit has recognized a possible exception to this rule such that a district court would look beyond the administrative record when reviewing a plan administrator's decision. *Cooper v. Life Ins. Co. of N. Am.*, 486 F.3d 157, 171 (6th Cir. 2007) (recognizing that evidence outside the administrative record may be considered only if that evidence is offered in support of a procedural challenge to the administrator's decision). However, no exception applies here and neither party has argued otherwise.

the Plan," so therefore, pursuant to *McMillan*, the ex-wife "is the proper beneficiary of" decedent's plan); *Kmatz v. Metro. Life Ins. Co.*, 232 F. App'x 451 (6th Cir. 2007); *see also Unicare Life & Health Ins. Co. v. Craig*, 157 F. App'x 787, 792 (6th Cir. 2005) (finding that second husband was proper beneficiary because he was still listed on the controlling beneficiary designation, even though there was "little doubt" that the decedent intended to change her beneficiary from her second husband to her daughters).

For example, in *McMillan*, the plan participant named his then-wife, Barbara Parrott, the beneficiary of his plan life insurance benefits. *McMillan*, 913 F.2d at 311. When the plan participant and Barbara were divorced, they signed a joint settlement agreement in which each spouse relinquished "any and all" claims that he or she might have against the other and to the other's property. *Id.* The plan participant subsequently died without ever changing his beneficiary; Barbara was designated as his beneficiary by the documents on file with the plan administrator at the time of his death. *Id.*

The Sixth Circuit held that the benefits remained payable to the decedent's ex-wife (Barbara) in accordance with his latest beneficiary designation, despite the divorce and terms of their separation agreement. *Id.* at 311-12. Among other requirements, ERISA expressly requires plan fiduciaries to discharge their duties "in accordance with the documents and instruments governing the plan …" *Id.* at 311 (quoting 29 U.S.C. § 1104(a)(1)(D)). Citing that requirement, the Sixth Circuit held that "[t]his clear statutory command, together with the plan provisions, answer the question; the documents control, and those name Barbara Parrott." *Id.* at 311-12. The court explained:

> Under the plans, we determine [the decedent's] intent by the designation on file at the time of his death. Such a holding also allows the parties to be certain of their

rights and obligations. It is for this reason that ERISA plans are to be administered according to their controlling documents. Rules requiring payment to the named beneficiary yield simple administration, avoid double liability, and ensure that beneficiaries get what's coming to them without the folderol essential under less-certain rules.

*Id.* at 312 (internal quotation marks and citations omitted).

The Sixth Circuit has consistently held that, when a plan participant fails to change his beneficiary in accordance with the terms and provisions of the plan, the benefits remain payable to the named beneficiary even if the beneficiary is no longer the participant's spouse. *See, e.g., McMillan*, 913 F.2d 310; *Pressley*, 82 F.3d 126; *Kmatz*, 232 F. App'x 451. This law controls the outcome here. The Plan documents require that life insurance benefits payable as a result of the death of a Plan participant be paid to the participant's named beneficiary. (*See, e.g.,* Doc. 8 at PAGEID # 220, 272, 274.) The Plan documents allowed the Decedent to change the beneficiary at any time by filing a form changing the beneficiary. (*See, e.g., id.* at PAGEID # 229.) Based on the documents in the administrative record, the Decedent's last beneficiary designation for his "basic" life insurance benefits made Gail Smith his beneficiary, and the Decedent's last beneficiary designation for his "optional" life insurance benefits likewise made Gail Smith his beneficiary. Thus, MetLife's denial of Plaintiff's claim was proper and in accordance with the law of this circuit.

Finally, as noted above, Plaintiff's second claim alleges that, "[i]n the event the Court should determine the Decedent's attempts to name Debra K. Smith as his life insurance beneficiary were incomplete, the Plaintiff would allege the beneficiary of the life insurance policy should be the decedent's estate by operation of law due to the termination of the spousal support obligation." (Doc. 3 at PAGEID # 18.) The Complaint does not clarify what is meant by "operation of law," and Plaintiff did not provide any further clarification in response to the Motion (again, Plaintiff

7

failed to file a response). If Plaintiff is claiming that the benefits are payable to the Decedent's estate by operation of Ohio state law, including specifically Ohio Revised Code ("O.R.C.") § 5815.33 (formerly O.R.C. §1339.63), then Plaintiff is incorrect.

"Section 514(a) of ERISA provides that federal law shall supersede all state laws that 'relate to' an ERISA plan." *Pressley*, 82 F.3d at 129 (quoting 29 U.S.C. § 1144(a)). The Sixth Circuit has explained that "[t]he sweep of this clause is expansive and must be given its broad, common sense reading." *Id.* at 129. "[A] designation of beneficiaries has a connection with or reference to an ERISA plan, [thus] preempting state law." *Id.* (citing *McMillan*, 913 F.2d at 311). In *Pressley*, the Sixth Circuit held that a Michigan state statute that is similar to O.R.C. § 5815.33 was preempted by ERISA. *Id.* at 128-29. The same analysis applies here.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Judgment on the Administrative Record (Doc. 9).[4] Additionally, the Court **DENIES** the tardy requests in the "Response to Court's Show Cause Order" (Doc. 11) by Plaintiff's counsel for an extension of time to consult with Plaintiff regarding the Motion and for an extension of time to respond to the Motion. This case shall be **TERMINATED** on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, April 1, 2020.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[4] The Court does not address whether it should, *sua sponte*, dismiss the case for failure to prosecute. (*See* Docs. 10 and 11.)